THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ORLANDO PORCH,                          :

    Plaintiff,                          :

vs.                                     :     CIVIL ACTION 05-0667-BH-C

DONAL CAMPBELL, et al.,                 :

    Defendants.                         :


REPORT AND RECOMMENDATION

    Plaintiff, an Alabama prison inmate proceeding *pro se*, allegedly filed a Complaint under 42 U.S.C. § 1983, together with a motion to proceed without prepayment of fees. (Docs. 1 and 2, Complaint and Motion for Leave).   This action, which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), is now before the Court on Defendants Officer Brown, Officer Crowe, Officer Edwards, and Officer Robinson's[1] Motion to Dismiss for lack of standing (Doc. 29).

I. Facts

    1.    Plaintiff's action, filed on November 16, 2005, appears to have been filed

---

[1] The Court notes that Officer Robinson passed away on February 26, 2007.  A suggestion of death was filed by Defendants on March 5, 2007.  (Doc. 32).

by a fellow inmate by the name of Tracy Gerard Allen, AIS #129732.[2]  (Doc. 1).  The Complaint was not signed as required by Federal Rule of Civil Procedure Rule 11, which states in part that: "if the party is not represented by an attorney, [the pleading] shall be signed by the party."  Fed. R. Civ. P. 11(a).  Plaintiff's name was simply printed on the

---

[2]The Court notes that inmate Allen has had at least three prior actions dismissed as frivolous.  See Allen v. Figua, CA 06-0704 (S.D. Ala. Jan. 16, 2007).  In fact, Mr. Allen has filed the following actions which have been dismissed as frivolous: Allen v. Jones, et al., CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); Allen v. Edwards, et al., CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); Allen v. Carver, et al., CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); Allen v. White, et al., CA 90-0561 (N.D. Ala. June 28, 1990); Allen v. Patterson, CA 90-0562 (N.D. Ala. June 26, 1990); Allen v. State of Alabama, CA 90-1100 (N.D. Ala. Aug. 21, 1990); Allen v. Hunt, et al., CA 90-1101 (N.D. Ala. Aug. 21, 1990); Allen v. Norman, CA 91-0153 (N.D. Ala. May 29, 1991); Allen v. Allen, et al., CA 91-1705 (N.D. Ala. Nov. 26, 1991); Allen v. Hunt, et al., CA 91-1708 (N.D. Ala. Nov. 27, 1991); Allen v. White, et al., CA 91-1935 (N.D. Ala. Feb. 3, 1992); Allen v. Thigpen, et al., CA 91-2021 (N.D. Ala. Jan. 30, 1992); Allen v. Battles, et al., CA 91-2476 (N.D. Ala. Apr. 17, 1992); Allen v. Thigpen, CA 92-1623 (N.D. Ala. Nov. 29, 1993); Allen v. Chaplain, CA 93-119 (N.D. Ala. Sept. 13, 1993); Allen v. Nagle, CA 93-897 (N.D. Ala. Sept. 1, 1993); Allen v. Blankenship, CA 93-1193 (N.D. Ala. Sept. 15, 1993); Allen v. Martin, CA 93-1801 (N.D. Ala. Mar. 2, 1994); Allen v. Burton, et al., CA 93-1808 (N.D. Ala. Mar. 2, 1994); Allen v. USPS, CA 93-1834 (N.D. Ala. Mar. 2, 1994); Allen v. Tucker, CA 93-1929 (N.D. Ala. Dec. 28, 1993); Allen v. Champale, CA 93-1931 (N.D. Ala. Dec. 27, 1993); Allen v. USPS, CA 93-1932 (N.D. Ala. Dec. 28, 1993); Allen v. Folsom, et al., CA 93-2229 (N.D. Ala. Apr. 1, 1994); Allen v. State of Alabama, CA 93-2272 (N.D. Ala. Apr. 4, 1994); Allen v. Nagle, CA 93-2350 (N.D. Ala. Mar. 31, 1994); Allen v. Nagle, et al., CA 93-2399 (N.D. Ala. Apr. 1, 1994); Allen v. DeLoach, et al., CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); Allen v. Harrelson, et al., CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); Allen v. Folsom, et al., CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); Allen v. Dr. Thomas, et al., CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); Allen v. Jones, et al., CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); Allen v. Jones, et al., CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); Allen v. Folsom, et al., CA 94-A-0684-N (M.D. Ala. June 28, 1994); Allen v. Folsom, et al., CA 94-A-0691-N (M.D. Ala. June 28, 1994); Allen v. Allen, et al., CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); Allen v. Harrelson, et al., CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and Allen v. Naile, et al., CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

document. (Doc. 1 at 7). Further, based upon a thorough review of the Complaint, it appears that Plaintiff did not prepare the document. Specifically, on page 4, of the Complaint, the following is stated:

> this suit is file [sic] in best interest of liability of Mr. Orlando Porch [sic]. Im [sic] a jail house attorney. I like [sic] 52 hours of being a public defender. Als Im [sic] a eye witness to this I was located in 12-D-1 by the shower [sic]

(Doc. 1 at 4). The apparent author of the Complaint, inmate Rapper Tracy Allen, alleged in the Complaint that Plaintiff Orlando Porch suffers from a "psychotic disorder." (Id. at 5). In further detail, Mr. Allen stated as follows:

> Ok conscious of whats going on [sic] He suffers from parnoidior and mood swing of maniac depress, where he have thought of sucidual ideas see medical [sic]. Porch just came off a week of sucide [sic] watch. In attempted sucide unit this appears to a certain instinct [sic], From this assaultive altercation that took place June 18th 2004 [sic] plays a major psycotic part of his illiness. [sic]
>
> Let the records show, Orlando Porch is abble [sic] to read and write That Im [sic] his jail house public defender until the court appoint him one [sic]. Ill work [sic] with Her or Him at all court hearings And a trial if needed, If prisoner don't want to settle. [sic]

(Id.).

     2.    On behalf of Plaintiff Porch, Mr. Allen has requested an award of at least ten million dollars, with thirty percent of all awarded being paid to Mr. Allen. (Id. at 9). He has requested that Plaintiff Porch be transferred to a Federal mental facility. Mr. Allen has further requested that all of Plaintiff Porch's mail in this matter be sent directly to "Rapper Tracy G. Allen." (Id. at 6).

    3.     On January 9, 2006, Tracy Allen wrote a letter to this Court, requesting the status of the action. (Doc. 7). Subsequently, on May 24, 2006, this Court ordered Mr. Allen to not sign documents on behalf of Orlando Porch. (Doc. 10). On September 19, 2006, this Court again warned Mr. Allen against signing documents on behalf of Mr. Porch, and further cautioned Allen that filing documents on behalf of Plaintiff Porch could constitute the unauthorized practice of law. (Doc. 18).

    4.     Defendants argue that Tracy Allen lacks standing to bring this action on behalf of Orlando Porch. Defendants cite Federal Rule of Civil Procedure 17 as providing that: "[t]he capacity of an individual ... to sue or to be sued shall be determined by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Defendants note that Tracy Allen has apparently personally determined that Orlando Porch lacks the capacity to bring this action, and thus, has decided to bring this action on Mr. Porch's behalf. (Docs. 1, 2, 4, 5, and 7). Defendants cite to the Alabama law that, if a "minor or an incompetent person does not have a duly appointed representative, that person may sue by that person's next friend." Ala. R. Civ. P. 17(c). Defendants contend that Tracy Allen has failed to show that Orlando Porch is truly incompetent, and further that Mr. Allen has failed to show that he qualifies to bring this action as Porch's "next friend." (Doc. 29).

## II. Discussion

    1.     Initially, the Court notes that Article III of the Constitution requires a litigant to have "standing" to invoke the power of a federal court. <u>Allen v. Wright</u>, 468 U.S. 737, 750, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984). The United States

Supreme Court has explained that the standing doctrine

> embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked... The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.

Allen v. Wright, 468 U.S. at 751 (internal citations omitted). It is further noted that the injury must be "'distinct and palpable,'" and "'fairly' traceable to the challenged action." Id. (citations omitted). The Court agrees with Defendants in their contention that Mr. Allen has not alleged any injury personal to himself. Indeed, it further does not appear that the supposed "Plaintiff" Orlando Porch, has signed one document in this action.

    2.    In this Court's Order dated May 24, 2006, this Court cautioned Plaintiff and Tracy Allen that Mr. Allen should not be filing documents in this action that promote his own interest and that are signed only by him. (Doc. 10). The Court also informed Plaintiff and Mr. Allen that, pursuant to Fed. R. Civ. P. 11(a), all pleadings in this action shall be signed by Plaintiff or the pleading will be stricken. (Id.). Subsequently, on September 19, 2006, the Court gave the following warning to Plaintiff:

> (e) Plaintiff is warned, as he was previously warned in the Court's order dated May 24, 2006 (Doc. 10), that he must sign any document that he files with the Court. Mr. Allen may not sign a document for plaintiff using plaintiff's name or Mr.

> Allen's name. Furthermore, Mr. Allen may not file a document in this action that bears his signature alone, such as he did when he filed "motion to compel and injunction of relief" (Doc. 15). Such a filing by Mr. Allen will be stricken by the Court. And furthermore, as the Court previously warned, such a filing would appear to constitute the unauthorized practice of law by Mr. Allen, which may subject him to criminal penalties. The Court notes that Mr. Allen has admitted that he is not a licensed attorney. (Doc. 1).

(Doc. 18).

3.  Based upon these facts, it appears that Mr. Allen has inappropriately filed and pursued an action on behalf of Orlando Porch. Mr. Allen, pursuant to federal law, lacks standing to do so, and thus this action is due to be dismissed. The only exception of which this Court is aware, to this requirement of standing is in the "next friend" concept, found in the context of habeas corpus actions. In addressing this "next friend" issue in a habeas action, the United States Supreme Court has stated that a "'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore v. Arkansas, 495 U.S. 149, 163, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) (citations omitted). The Court went on to note that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id.

4.  The Whitmore Court explained the two prerequisites for "next friend" standing as follows:

> First, a "next friend" must provide an adequate explanation -

> such as inaccessibility, mental incompetence, or other
> disability - why the real party in interest cannot appear on his
> own behalf to prosecute the action....
>
> Second, the "next friend" must be truly dedicated to the best
> interests of the person on whose behalf he seeks to litigate,
> and it has been further suggested that a "next friend" must
> have some significant relationship with the real party in
> interest.  The burden is on the "next friend" clearly to
> establish the propriety of his status and thereby justify the
> jurisdiction of the court.

Whitmore, 495 U.S. at 163-64 (internal citations omitted).  In Lonchar v. Zant, 978 F.2d 637, 641 (11th Cir. 1992), the Eleventh Circuit noted that the next friend "must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest." (citations omitted).  See also Sanchez-Velasco v. Secretary of the Dept. Of Corr., 287 F.3d 1015 (11th Cir. 2002) (court denied attorney who had never represented inmate authority to represent inmate as "next friend.").  The purpose of the "next friend" doctrine is to prevent "intruders or uninvited meddlers, styling themselves next friends."  Whitmore, 495 U.S. at 164 (citations omitted).

    5.    Even if this exception were to be applied in this § 1983 action, the Court would question Mr. Allen's standing to bring this action on behalf of Orlando Porch for the following reasons.  First, Mr. Allen has failed to show that Mr. Porch actually lacks the mental capacity or similar disability to bring his own action.  Whitmore, 495 U.S. at 163-64.  Tracy Allen has only made conclusory statements that Orlando Porch "suffers from a psychotic disorder," that he "can't function," and that Mr. Porch "suffers from

paranoidia [sic] and mood swing of maniac depress [sic]." (Doc. 1 at 6). Mr. Allen also has suggested that Orlando Porch is suicidal. (Id.). No medical evidence has been presented. These statements by Tracy Allen in no way satisfy the requirement that Plaintiff lacks the mental capacity to bring his own action.

6. Further, Mr. Allen certainly has not shown himself to be the proper "next friend" even if one were necessary. Initially, the Court notes that Rapper Tracy Allen has shown no significant relationship with Orlando Porch, other than being a fellow inmate at Holman Correctional Facility. Without some kind of significant relationship to Mr. Porch, Tracy Allen would not be the proper person to act as "next friend" to Plaintiff. See Whitmore, 495 U.S. at 164, citing Davis v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing).

7. Moreover, it is this Court's concern that Rapper Tracy Allen, who is currently serving prison time for two cases of Robbery I and two cases of Assault I, incurring 20 year, 18 year, and life sentences, may be intimidating or somehow forcing Orlando Porch to comply with this litigation. (Doc. 29, Ex. A). This concern arises from the fact that Mr. Allen has requested "30% of all award or settlement" in this action. (Doc. 1 at 8).

### III. Conclusion

Based upon the facts and the law discussed above, this action is clearly due to be dismissed. Regardless of its caption, for purposes of clarity, the Court construes this action as one brought by Rapper Tracy Allen, as opposed to the named Plaintiff Orlando

Porch. The Court does not consider this to be an action by Orlando Porch. There has been no evidence that Mr. Porch has had any involvement in this action, as no filings have borne his signature. The Court once again cautions Rapper Tracy Allen that there are sanctions available for the unauthorized practice of law. This Court will not tolerate Tracy Allen's abuse of the process of this Court, and he is warned to refrain from such filings in the future. Therefore, as Mr. Allen lacks standing in this action which he has brought on behalf of Plaintiff Orlando Porch, this Court dismisses all claims of this action with prejudice.

      DONE this 11th day of April, 2007.

                                  s/WILLIAM E. CASSADY  
                                  UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.     Objection. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of

anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.